1

2

3                          UNITED STATES DISTRICT COURT

4                        NORTHERN DISTRICT OF CALIFORNIA

5                                OAKLAND DIVISION

6

7    PATRICK GRANT,

8                      Plaintiff,                    No. C 11-4440 PJH (PR)

9      vs.                                     **ORDER OF DISMISSAL WITH**
                                               **LEAVE TO AMEND**
10   D. TEICHERA, et. al.,

11                     Defendants.
     _____/

12           Plaintiff, an inmate at High Desert State Prison, has filed a pro se civil rights

13   complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in forma

14   pauperis.

15                                      **DISCUSSION**

16   A.      **Standard of Review**

17           Federal courts must engage in a preliminary screening of cases in which prisoners

18   seek redress from a governmental entity or officer or employee of a governmental entity.

19   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

20   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

21   be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

22   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

23   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24           Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

25   the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

26   the statement need only '"give the defendant fair notice of what the . . . . claim is and the

27   grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

28   omitted).  Although in order to state a claim a complaint "does not need detailed factual

**United States District Court**
For the Northern District of California

1  allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

2  requires more than labels and conclusions, and a formulaic recitation of the elements of a

3  cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

4  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

5  (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

6  plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

7  the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

8  framework of a complaint, they must be supported by factual allegations.  When there are

9  well-pleaded factual allegations, a court should assume their veracity and then determine

10 whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct.

11 1937, 1950 (2009).

12      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13 elements:  (1) that a right secured by the Constitution or laws of the United States was

14 violated, and (2) that the alleged deprivation was committed by a person acting under the

15 color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

16 **B.    Legal Claims**

17      Plaintiff presents allegations of excessive force while at Alameda County Jail.  He

18 states that guards were responding to an altercation and he and others were ordered to get

19 on the ground.  Plaintiff made a verbal comment and defendant Teichera, a guard, told

20 plaintiff to be quiet.  The situation escalated and plaintiff was tasered several times.

21 Plaintiff does not allege any injuries, nor does he identify who tasered him.  The only

22 named defendant is Teichera, and it only appears from the complaint that defendant and

23 plaintiff exchanged words.  Nor is it clear if at the time of the incident if plaintiff was a

24 pretrial detainee or a prisoner.  The complaint will be dismissed with leave to amend for

25 plaintiff to provide more information regarding the actions of defendants, who allegedly

26 used excessive force against him, any injuries he suffered and whether he was a pretrial

27 detainee or a convicted prisoner.

28 ///

2

**United States District Court**
For the Northern District of California

1    The Due Process Clause of the Fourteenth Amendment protects a post-arraignment

2    pretrial detainee from the use of excessive force that amounts to punishment.  *See Graham*

3    *v. Conner*, 490 U.S. 386, 395 n. 10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535–39

4    (1979)); *see also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002)

5    ("The Due Process clause protects pretrial detainees from the use of excessive force that

6    amounts to punishment ... *Graham* therefore explicates the standards applicable to a

7    pretrial detention excessive force claim in this circuit.") (citations omitted).  The Ninth Circuit

8    has stated the factors a court should consider in resolving a due process claim alleging

9    excessive force.  *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990). These factors are

10   (1) the need for the application of force, (2) the relationship between the need and the

11   amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force

12   was applied in a good faith effort to maintain and restore discipline.  *Id.*

13   The Eight Amendment applies to convicted prisoners.  A prison official violates the

14   Eighth Amendment when two requirements are met:   (1) the deprivation alleged must be,

15   objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson*

16   *v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently

17   culpable state of mind, i.e., the offending conduct was wanton. *Id.* (citing *Wilson*, 501 U.S.

18   at 297); *LeMaire v. Maass*, 12 F.3d 1444, 1451 (9th Cir. 1993).  When prison officials stand

19   accused of using excessive force in violation of the Eighth Amendment, the core judicial

20   inquiry is whether force was applied in a good-faith effort to maintain or restore discipline,

21   or maliciously and sadistically to cause harm.  *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992)

22                                                **CONCLUSION**

23   1. The complaint is **DISMISSED** with leave to amend in accordance with the

24   standards set forth above.  The amended complaint must be filed no later than **February**

25   **25, 2013**, and must include the caption and civil case number used in this order and the

26   words AMENDED COMPLAINT on the first page.  Because an amended complaint

27   completely replaces the original complaint, plaintiff must include in it all the claims he

28   wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may

1  not incorporate material from the original complaint by reference.  Failure to amend within

2  the designated time will result in the dismissal of these claims.

3      2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

4  court informed of any change of address by filing a separate paper with the clerk headed

5  "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

6  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

7  Federal Rule of Civil Procedure 41(b).

8      **IT IS SO ORDERED.**

9  Dated:  January 28, 2013.

   _____
   PHYLLIS J. HAMILTON
   United States District Judge

11  G:\PRO-SE\PJH\CR.11\Grant4440.dwlta.wpd

**United States District Court**
For the Northern District of California

4